UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KRIS KLOS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 21-10957-ADB |
| | * | |
| KIMBERLY WAITS, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

*Pro se* litigant Kris Klos has filed a complaint [ECF #1] in which he brings claims under 42 U.S.C. § 1983 against his former wife, two other individuals, and the Massachusetts Department of Revenue. Klos later paid the filing fee and summonses issued on July 6, 2021. Klos has not filed any returns of service, but counsel for defendant Kimberly Waits, Klos's former wife, has entered a limited appearance for the purpose of receiving electronic notice of docket activity. [ECF #10].

Klos's complaint concerns his divorce from Waits, child visitation, and child support payments. The pleading is in all relevant ways identical to the one he filed last year in *Klos v. Waits*, C.A. No. 20-10757-ADB (D. Mass.) ("*Klos I*").[1] In *Klos I*, Waits moved to dismiss for failure to state a claim upon which relief could be granted. Although the other defendants had not responded to the complaint, the Court considered the sufficiency of Klos's claims against all the defendants. In its order dated October 27, 2020, the Court held that Klos had failed to state a

---

[1] All the defendants in the present action were defendants in *Klos I*. Three of the defendants in *Klos I* were not named as defendants this action.

claim for relief against any of the defendants. [ECF #13]. The Court held that defendants Michael and Marcy Klos were not acting under color of law for purposes of a claim under 42 U.S.C. § 1983. The Court also held that, to the extent Waits's alleged misconduct was committed under color of law, any § 1983 claim against her was barred by the statute of limitations. In a footnote, the Court noted that, under the Eleventh Amendment to the United States Constitution, the Massachusetts Department of Revenue enjoyed immunity from suit in federal court unless the state had consented to suit or Congress had overridden the state's immunity.

Klos's reassertion of the claims already raised and rejected is fruitless.[2] This action fails for all the same reasons the Court concluded that the complaint in *Klos I* failed to state a claim upon which relief could be granted: any § 1983 claims are barred by Texas's two-year statute of limitations; § 1983 claims against defendants Michael Klos and Marcy Klos fail also because they were not acting under color of state law; and, as an arm of the state, the Massachusetts Department of Revenue of enjoys Eleventh Amendment immunity from suit in federal court.[3]

Moreover, the present complaint fails to state a claim upon which relief may be granted because of the doctrine of res judicata. "Under the federal law of res judicata, a final judgment

---

[2] Although no defendant has moved to dismiss this action for failure to state a claim upon which relief may be granted, the Court considers the sufficiency of the complaint *sua sponte*. *See Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985) (stating that the court has "long recognized 'the inherent and necessary power of courts of general jurisdiction to protect members of the public from vexatious suits through an exercise of the right to dismiss frivolous proceedings'" (quoting *O'Connell v. Mason*, 132 F. 245, 247 (1st Cir. 1904))).

[3] Although the Massachusetts Department of Revenue enjoys Eleventh Amendment immunity from suit in this Court, Massachusetts law provides for judicial review in a state court of a decision of the agency's decision to revoke a driver's license for failure to pay child support. *See* M.G.L. ch. 119A, § 16(e).

on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action." *Maher v. GSI Lumonics, Inc.*, 433 F.3d 123, 126 (1st Cir. 2005) (quoting *Porn v. Nat'l Grange Mut. Ins. Co.*, 93 F.3d 31, 34 (1st Cir. 1996)).[4]  Res judicata requires (1) a final judgment on the merits in an earlier action; (2) an identity in the causes of action in the earlier and later suits; and (3) an identity of parties or privies in the two suits.  *See Benenson v. Comm'r of Internal Revenue*, 887 F.3d 511, 516 (1st Cir. 2018).  Because the claims in this action are essentially identical to those in *Klos I*, res judicata bars this action.

      Accordingly, the Court orders that this action be <u>DISMISSED</u> with prejudice for failure to state a claim upon which relief may be granted.

      IT IS SO ORDERED.

Dated: 9/21/2021

                                                  /s/ Allison D. Burroughs
                                                  ALLISON D. BURROUGHS
                                                  DISTRICT JUDGE

---

[4] Even though "[t]he terms res judicata and claim preclusion often are used interchangeably," res judicata also includes the doctrine of issue preclusion.  *See Brownback v. King*, --U.S.--, 141 S. Ct. 740, 747 n.3 (2021).  Here, the Court need consider only the doctrine of claim preclusion.